# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CHAUNTAE BLAIR, on behalf of herself and all those similarly situated who consent to representation, | Civil Action No.: |
| Plaintiff, | FLSA Collective Action<br>Jury Trial Demanded |
| v. | |
| ATLANTA AIRPORT RESTAURANTS, LLC d/b/a MALONE'S, a Georgia Corporation, and ASHIQ A. DELAWALLA, an individual, | |
| Defendants. | |

## FLSA COLLECTIVE ACTION COMPLAINT

COMES NOW Plaintiff Chauntae Blair, (hereinafter "Plaintiff") by and through her undersigned counsel, and files this lawsuit against Defendants Atlanta Airport Restaurants, LLC d/b/a Malone's, a Georgia Corporation (hereinafter "Defendant Malone's") and Ashiq A. Delawalla, an individual (hereinafter "Defendant Delawalla") (collectively "Defendants") on behalf of herself and all others similarly situated, pursuant to § 216(b) of the Fair Labor Standards Act of 1938, and in support thereof would further state as follows:

## INTRODUCTION

1. The instant action arises from Defendants' violations of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended (hereinafter "FLSA"), and specifically the collective action provisions of the FLSA found at § 216(b) to remedy violations of the minimum hourly wage provisions of the FLSA by Defendants which have deprived Plaintiff, as well as others similarly situated to Plaintiff, of their lawful minimum hourly wages.

2. Plaintiff brings this action as a collective action on behalf of herself and all other similarly situated employees who consent to representation, pursuant to 29 U.S.C. § 216(b) and who were tipped employees of Defendants and paid less than the federal minimum hourly wage and from whom Defendants took a tip credit.

3. Plaintiff was employed by Defendants as a server at Defendants' restaurant, Defendant Malone's, located at 1258 Virginia Avenue, East Point, Georgia 30344.

4. Defendants employed Plaintiff from October 2015 through approximately February 2017.

5. This action is brought to recover unpaid minimum hourly wages owed to Plaintiff and other current and former employees of Defendants who are similarly situated to Plaintiff, pursuant to the FLSA.

6. Other current and former employees of Defendants are also entitled to receive minimum hourly wage for the reasons alleged in this Complaint. Plaintiff may be permitted to maintain this action "for and on behalf of [her]self . . . and other employees similarly situated." 29 U.S.C. § 216(b). Any similarly situated current or former employee of Defendants wishing to become a party plaintiff to this action must provide "his consent in writing to become such a party," and such consent must be filed with this Court. 29 U.S.C. § 216(b).

7. Plaintiff and any collective group similarly situated were or are employed by Defendants working at various times during their employment by Defendants as servers, bussers or any other position from whom Defendants took a tip credit.

8. During the employment of Plaintiff, and for at least three years prior to the filing of this Complaint in the case of any collective group similarly situated, Defendants committed violations of the FLSA by failing to compensate employees at the legally appropriate minimum hourly wage, by requiring Plaintiff and those

similarly situated to work "off the clock," and by requiring Plaintiff and those similarly situated to participate in an improper tip pool in violation of the FLSA.

9. Plaintiff and all similarly situated current and former employees of Defendants who elect to participate in this action seek unpaid minimum hourly wage for work performed, an equal amount of liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and 29 U.S.C. § 216(b) (FLSA).

11. Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (a) and (c) because a substantial part of events or omissions giving rise to the claims occurred within the jurisdiction of this Court and because Defendants are located in this District and are subject to personal jurisdiction in this District.

## PARTIES

12. Plaintiff resides in College Park, Georgia (within this District).

13. At all times material to this action, Plaintiff was an "employee" of Defendants defined by § 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States. Plaintiff is further covered by §§ 203, 206, and 207 of the FLSA for the period in which she was employed by Defendants.

14. At all times material to this action, any collective group similarly situated to Plaintiff were "employees" of Defendants defined by § 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States. These same individuals are further covered by §§ 203, 206, and 207 of the FLSA for the period in which they were employed by Defendants.

15. Defendant Malone's is a corporation formed in the state of Georgia and is owned by Defendant Delawalla.

16. Defendants conduct business within this State and District.

17. Defendants maintained either actual or constructive control, oversight and direction of Defendants' restaurant, including the employment and pay and other practices of that operation.

18. Defendant Malone's is subject to personal jurisdiction in the state of Georgia for purposes of this lawsuit and can be served through its registered agent, Ashiq A. Delawalla, 6065 Oakbrook Parkway, Norcross, Georgia 30093.

19. Defendant Delawalla is subject to personal jurisdiction in the state of Georgia for purposes of this lawsuit and can be personally served at 6065 Oakbrook Parkway, Norcross, Georgia 30093.

20. At all times relevant to this action, Defendant Malone's was an enterprise engaged in commerce or in the production of goods for commerce as

defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

21. At all times relevant to this action, Defendants were an "employer" of Plaintiff and of others similarly situated, as defined by § 203(d) of the FLSA.

22. The tipped employee provisions set forth in § 203 of the FLSA apply to Defendants.

23. The minimum hourly wage provisions set forth in § 206 of the FLSA apply to Defendants.

## FACTUAL ALLEGATIONS

24. Upon information and belief, Defendants employed, in the past three years prior to the filing of this Complaint other individuals who received tips as part of their compensation and for whom Defendants took a tip credit.

25. Plaintiff's duties and the duties of other current and former employees similarly situated of Plaintiff at Defendants' restaurant included servicing customers, taking food and drink orders, serving food and drink orders, clearing tables, attending mandatory shift meetings, and "side work" before and after each shift.

26. Defendants required Plaintiff and those similarly situated employees to attend company meetings prior to each shift but Defendants failed to

compensate the employees for the time spent in attendance of these required meetings.

27. Defendants required Plaintiff and those similarly situated employees to work "side work" prior to and after each shift and failed to compensate the employees at a rate of the federally required minimum wage for such work.

28. At all times relevant to this action, it was the policy and/or practice of Defendants to compensate Plaintiff and other current and former employees similarly situated of Defendants' restaurant an hourly wage of $2.13 per hour plus tips.

29. At all times relevant to this action, it was the policy and/or practice of Defendants to compensate Plaintiff and other current and former employees similarly situated for less hours than they actually worked in violation of the FLSA.

30. At all times relevant to this action, Plaintiff and other current and former employees similarly situated of Defendants' restaurant did not retain all tips they received by requiring such employees to participate in a tip pool whereby employees were required to place a percentage of their acquired tips each shift into a tip pool.

31. At all times relevant to this action, however, Defendants retained a portion of the tips from the tip pool.

32. At all times relevant to this action, the Defendants took a tip credit against the wages of Plaintiff and those similarly situated.

33. At all times relevant to this action, Defendants maintained an invalid tip pool with respect to Plaintiff and those similarly situated.

34. Defendants are liable to Plaintiff and other current and former employees similarly situated for compensation for all time worked in which they were paid at a rate of pay less than the federal minimum wage rate.

35. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff and other current and former employees similarly situated suffered damages plus incurring costs and reasonable attorneys' fees.

36. As a result of Defendants' willful violations of the FLSA, Plaintiff and other current and former employees similarly situated are entitled to liquidated damages.

37. Plaintiff has retained the undersigned counsel to represent her and other current and former employees similarly situated in this action, and pursuant 29 U.S.C. § 216(b), Plaintiff and other employees similarly situated are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

38. Plaintiff demands a jury trial.

## COUNT I

39. Plaintiff repeats and incorporates by reference paragraphs 1- 38 herein.

40. By its actions alleged herein, Defendants willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations.

41. Defendants have willfully, intentionally, and/or recklessly engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay minimum wage compensation to current and former employees of Defendant's restaurant, including Plaintiff and other similarly situated employees, in accordance with §§ 203 and 206 of the FLSA.

42. As a result of Defendants' violations of the FLSA, Plaintiff, as well as other similarly situated employees have suffered damages by failing to receive minimum wage compensation in accordance with §§ 203 and 206 of the FLSA.

43. Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff and other similarly situated current and former employees of Defendants' restaurant.

44. As a result of the unlawful acts of Defendants, Plaintiff and similarly situated current and former employees have been deprived of minimum wage

9

compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated persons who will opt-in to this action, pursuant to § 216(b) of the FLSA, prays for the following relief:

A. Certification of a class and any necessary sub-classes pursuant to 29 U.S.C. § 216(b) to be described as and to include any and all employees from whom Defendants took a tip credit at Defendants' restaurant within three years of the filing of this Complaint;

B. That, at the earliest possible time, Plaintiff be allowed to give Notice of this action, or that the Court issue such Notice, to all persons who have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of Court-supervised Notice. Such Notice shall inform them that this civil action has been filed and of the nature of the action, and of their right to opt into this lawsuit;

C. That Plaintiff and all individuals who opt into this lawsuit ("opt-in Plaintiffs") be awarded damages for the three years preceding the filing of this

Complaint in the amount of their respective unpaid compensation, plus an equal amount of liquidated damages;

D. That Plaintiff and all opt-in Plaintiffs be awarded reasonable attorneys' fees;

E. That Plaintiff and all opt-in Plaintiffs be awarded the costs and expenses of this action; and

F. That Plaintiff and all opt-in Plaintiffs be awarded such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which they may be entitled.

Respectfully submitted this 11th day of April, 2017.

MARTIN & MARTIN, LLP

By: *Kimberly N. Martin*
Kimberly N. Martin
kimberlymartinlaw@gmail.com
Georgia Bar No. 473410
Thomas F. Martin
tfmartinlaw@msn.com
Georgia Bar No. 482595

MARTIN & MARTIN, LLP
Post Office Box 1070
Tucker, Georgia 30085
(404) 313-5538