# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Settlement Agreement") is between Chauntae Blair ("Plaintiff") and Concept Management of Airport, Inc. d/b/a Malone's (hereinafter referred to as "Defendant") (collectively with Plaintiff the "Parties").

## RECITALS

Plaintiff alleges violations of the Fair Labor Standards Act ("FLSA"). Plaintiff seeks unpaid minimum wages, as well as reasonable attorneys' fees and costs, as alleged in *Chauntae Blair v. Concept Management of Airport, Inc. d/b/a Malone's*, Case No. 1:17-cv-01297-ELR (the "Action"), currently pending in the United States District Court for the Northern District of Georgia.

Counsel for Plaintiff and counsel for Defendant have engaged in extensive negotiations concerning the settlement of these claims.

Plaintiff and Plaintiff's counsel have concluded, based on their investigation, and taking into account the sharply contested factual and legal issues involved, the expense and time necessary to prosecute any litigation, the risks and costs of prosecution of such an action, the uncertainties of complex litigation, and the substantial benefits to be received pursuant to this Agreement, that a settlement with Defendant on the terms set forth herein is fair, reasonable, adequate, and in the best interests of Plaintiff. Plaintiff and Plaintiff's counsel acknowledge and agree that the settlement amount outlined below compensates Plaintiff fully for all compensation to which Plaintiff believes she is entitled to under the FLSA or otherwise from Defendant, plus fair and reasonable attorney's fees. Accordingly, Plaintiff and Plaintiff's counsel have agreed to settle these claims with Defendant on the terms set forth herein.

Defendant denies each and all of the claims asserted against it and makes no admission whatsoever of liability or of the factual allegations upon which the claims are based. Defendant nevertheless desires to settle Plaintiff's claims, on the terms and conditions set forth herein, for the purpose of avoiding the burden, expense, and uncertainty of litigation.

## AGREEMENT

1. **Recitals**. The recitals set forth above are incorporated herein by reference and are explicitly made a part of this Settlement Agreement.

2. **Settlement Consideration to Plaintiff.** Defendant will pay Eight Thousand Dollars ($8,000.00) in full and final settlement of Plaintiff's claims ("Settlement Amount"), each party to bear their own attorney's fees and expenses of litigation except as expressly provided herein.
The breakdown of the Settlement Amount is as follows:

    (i) A check payable to Chauntae Blair for alleged unpaid wages in the gross amount of Two Thousand Dollars ($2,000.00), which will be subject to

    total standard deductions, for which Defendant will issue Blair an IRS W2 form; and

(ii) A check payable to Chauntae Blair for liquidated damages in the gross amount of Two Thousand Dollars ($2,000.00), without deductions, for which Defendant will issue Blair an IRS Form 1099 indicating payment of non-wages under box 3; and

(iii) One check payable to Martin & Martin, totaling the amount of Four Thousand Dollars ($4,000.00) for attorneys' fees and costs, for which Defendant will issue Martin & Martin an IRS Form 1099.

3. **Timing of Payment**. Defendant will pay the Settlement Amount as set forth in Section 2 above within ten (10) days of Court approval of this Settlement and Defendant's receipt of W-9 Forms from Plaintiff and her counsel. Payment will be sent via FedEx, addressed to:

    Martin & Martin
    c/o Tom Martin
    5017 Patriot Drive
    Stone Mountain, Georgia 30087

4. **Releases.**

In consideration of the promises set forth in this Settlement Agreement, Plaintiff fully, finally, and forever settles with, releases, and discharges the Released Parties (as defined below) of and from all Settled Claims (as defined below).

For purposes of this Settlement Agreement, "Released Parties" means and includes Concept Management of Airport, Inc. d/b/a Malone's, all of its affiliated, subsidiary, and parent companies, doing business in their own names and doing business under any other names, and all of their respective officers, directors, partners, insurers, employees, associates, trustees, agents, faculty, independent contractors, representatives, attorneys, predecessors, successors, and assigns, including but not limited to Ashiq Delawalla and his heirs and assigns.

For purposes of this Settlement Agreement, "Settled Claims" means and includes any and all claims for unpaid wages or benefits, whether known or unknown, that Plaintiff has had or now has against any of the Released Parties. This includes but is not limited to: (i) any alleged violations of the FLSA; and (ii) any alleged violations of any state's wage and hour laws.

5. **General Provisions**.

 a. **Entire Agreement**. This Settlement Agreement constitutes the entire agreement between and among the Parties with respect to the subject matter of this Agreement. This Settlement Agreement supersedes all prior negotiations and agreements and may not be modified or amended except by a document in writing signed by Plaintiff, Defendant and their respective

attorneys. Such written document may be executed in counterparts with facsimile signatures and each shall have the force of an original.

b **No Publicity**. Other than through necessary Court filings, Plaintiff and Plaintiff's Counsel shall not publicize this Settlement Agreement or disclose the fact, amount or terms of the Settlement Agreement to any representative of any print, radio or television media. Without limiting the generality of the foregoing, Plaintiff and her counsel agree that they will not publish any statements regarding this settlement or make any descriptions of the circumstances giving rise to the settlement on social media or public websites. Defendant may make such disclosures of this Agreement as required under applicable corporate laws and obligations.

c. **No Facilitation**. Recognizing that Defendants assert the claims to have been substantially groundless, which is nevertheless disputed by Plaintiff, Plaintiff agrees not to directly or indirectly assist any person by counseling, assisting or conspiring with them regarding institution, assertion, prosecution, settlement or resolution of any claim, action, cause of action, suit, right, or demand of any kind at any time that is based on or arises in whole or in part from facts similar to the Claim against the Released Parties.

d. **Time Periods/Dates**. The time periods and/or dates described in this Settlement Agreement are subject to change by written agreement of the Parties.

e. **Execution in Counterparts**. This Settlement Agreement may be signed in one or more counterparts with facsimile signatures and each shall have the force of an original.

f. **Legal Representation**. The Parties to this Settlement Agreement acknowledge that they have been represented by qualified legal counsel both in connection with the Action and in connection with the negotiation, drafting, and execution of this Settlement Agreement. Accordingly, the language used in this Settlement Agreement will be deemed to be language chosen by all Parties hereto to express their mutual intent, and no rule of strict construction against any party hereto will apply to any term or condition of this Settlement Agreement.

g. **Choice of Law**. This Settlement Agreement shall be construed, enforced, and administered in accordance with the state laws of Georgia.

h. **Exclusive Jurisdiction and Venue**. The appropriate state or federal court in Fulton County, Georgia will be the exclusive jurisdiction and venue for any dispute arising out of this Agreement. The parties voluntarily submit to the jurisdiction of these courts for any litigation arising out of or concerning the application, interpretation, or any alleged breach of this Agreement.

i. **Remedies**. This Agreement may be enforced by injunctive relief since recovery of the Settlement Consideration or additional money damages would not be an adequate remedy at law. The prevailing party in any proceeding brought to enforce this Agreement shall be entitled to an award of its reasonable costs and expenses and attorneys' fees, including fees of such proceeding.



j.      **Scope of Enforcement**. Should any part, term or provision of this Agreement be declared or determined by any court to be illegal, invalid or otherwise unenforceable, the legality, validity and enforceability of the remaining parts, terms or provisions hereof shall be deemed not to be affected and the offending section shall be interpreted as being intended by the parties to be enforced as limited or modified by law then applicable so that it may be enforced to the fullest extent permitted under applicable law.

k.      **Notices**. All communications or notices required or permitted by this Agreement shall be in writing and shall be delivered either by personal delivery or overnight mail to the following:

>   For Defendant:    Kathryn Hinton
>                     Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
>                     3414 Peachtree Rd NE
>                     Monarch Plaza, Suite 1600
>                     Atlanta, GA 30308
>                     khinton@bakerdonelson.com
>
>   For Plaintiff     Kimberly Martin
>                     Martin & Martin, LLP
>                     Post Office Box 1070
>                     Tucker, Georgia 30085
>                     404-313-5538
>                     kimberlymartinlaw@gmail.com

[SIGNATURES ON FOLLOWING PAGE]

Date: 10/2/2017        Signature: _____
                                  Plaintiff Chauntae Blair

Date: 10/03/17         Signature: Kimberly D. Martin
                                  Plaintiff's Counsel

                       Tax ID for Plaintiff's Counsel: 29-0529467


Concept Management of Airport, Inc. d/b/a Malone's

Date: _____    By: _____

Date: _____        Signature: _____
                                       Plaintiff Chauntae Blair

Date: _____        Signature: _____
                                       Plaintiff's Counsel

                           Tax ID for Plaintiff's Counsel: _____

                           Concept Management of Airport, Inc. d/b/a Malone's

Date: 10-4-2017            By: _____

Page 5 of 5